```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF ALABAMA
                       SOUTHERN DIVISION
```

**JEROME HUNTER,**                    :

       **Plaintiff,**              :

**vs.**                               :   CIVIL ACTION   09-00589-KD-B

**NICHOLAS KING,** *et al.,*          :

       **Defendants.**             :

**REPORT AND RECOMMENDATION**

Plaintiff, an Alabama prison inmate proceeding pro se, filed a complaint alleging violations of 42 U.S.C. § 1983.  This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), and is now before the Court due to Plaintiff's failure to prosecute.

In an Order dated September 22, 2009 (Doc. 3), Plaintiff was advised that his Complaint (Doc. 1) is deficient because he failed to sign it.  Accordingly, the original Complaint was returned to Plaintiff, and he was ordered to sign the Complaint and to return it to the Court by October 21, 2009.  Additionally, Plaintiff was advised that his Motion to Proceed *In Forma Pauperis* was not on the correct form.  Thus, Plaintiff was ordered to refile his motion on the Court's form for a motion to proceed without prepayment of fees by October 21, 2009, or in lieu thereof, to pay the $350 statutory filing fee.  A review of the docket reflects that as of today's

date, Plaintiff has not returned his executed Complaint, nor has he filed the motion to proceed without prepayment of fees, or in lieu thereof, paid the statutory filing fee. Additionally, Plaintiff's copy of the Order has not been returned to the Court, nor has Plaintiff requested additional time in which to comply with the Court's Order.

District courts possess the ability to dismiss a case with prejudice for want of prosecution based on two possible sources of authority: Fed.R.Civ.P. 41(b) or their inherent authority to manage their dockets. Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337 (11th Cir. 2005). Regardless of the authority for the dismissal, a district court should dismiss a case for want of prosecution with prejudice only when faced with "a clear record of delay or contumacious conduct by the plaintiff."  McKelvey v. AT&T Technologies, Inc., 789 F.2d 1518, 1520 (11th Cir. 1986)). "Moreover, such dismissal is a sanction of last resort, applicable only in extreme circumstances, and generally proper only where less drastic sanctions are unavailable." Id. "A finding of such extreme circumstances necessary to support the sanction of dismissal must, at a minimum, be based on evidence of willful delay; simple negligence does not warrant dismissal." Id. ; Eades v. Ala. Dept. of Human Res., 298 Fed. Appx. 862 (11th Cir. 2008) ("the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is  culpable.")(citing Betty K Agencies, 432 F.3d at 1338.)

Based upon the record before the Court, the undersigned finds that it appears that he has lost interest in this case.

Accordingly, upon consideration of the alternatives that are available to the Court, it is recommended that this action be dismissed without prejudice because no other lesser sanction will suffice.  Link v. Wabash R. R., 370 U.S. 626, 630, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) (interpreting Rule 41(b) not to restrict the court's inherent authority to dismiss sua sponte an action for lack of prosecution); World Thrust Films, Inc. v. International Family Entertainment, Inc., 41 F.3d 1454, 1456-57 (11th Cir. 1995); Mingo v. Sugar Cane Growers Co-op, 864 F.2d 101, 102 (11th Cir. 1989); Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985); Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983).  Accord Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (ruling that federal courts' inherent power to manage their own proceedings authorized the imposition of attorney's fees and related expenses as a sanction); Malautea v. Suzuki Motor Co., 987 F.2d 1536, 1545-46 (11th Cir.)(finding that the court's inherent power to manage actions before it permitted the imposition of fines), cert. denied, 510 U.S. 863, 114 S.Ct. 181, 126 L.Ed.2d 140 (1993).

    The attached sheet contains important information regarding objections to this Report and Recommendation.

    DONE this **27th** day of **October, 2009.**

                                             /s/SONJA F. BIVINS
                                    **UNITED STATES MAGISTRATE JUDGE**